### DEN, EX DEM. WILLIAM CROWTHER AND OTHERS v. ACHSAH LLOYD AND OTHERS.

1. Depositions of non-resident witnesses taken before a commissioner of this state, under the act of March 17th, 1862, may be used in court on the trial of the cause in which they are taken, and require only to be satisfactorily identified. They need not be certified under the official seal of the commissioner.
2. To allow a witness to testify to an offer of a specific sum by way of compromise, in which no facts material to the issue were admitted, but which may have had a very improper influence on the jury, is erroneous.
3. Where no rent has been paid for twenty years before action brought, the jury have a right to presume that the relation of landlord and tenant had ceased, and no notice to quit was necessary.

On rule to show cause why verdict should not be set aside and a new trial granted.

The material facts of the case, with the reasons relied on by counsel in support of the motion for a new trial, are given in the opinion of the court.

For the plaintiffs, *P. L. Voorhees.*

For the defendants, *E. Merritt.*

The opinion of the court was delivered by

ELMER, J.    Several reasons why there should be a new trial ordered in this case have been assigned and argued by counsel, which it will be proper to consider in the order they were presented.

*First.* It was insisted that the judge overruled legal and competent evidence. This evidence consisted of depositions of non-resident witnesses, taken in the city of Philadelphia, before a commissioner appointed by the governor of this state. Several objections to these depositions were made before the judge at the trial, and have been insisted on in this court.

The objection most pressed was, that they were not certi-
fied under the official seal of the commissioner. Commis-
sioners to take the proof and acknowledgment of deeds, to
reside in other states, were first authorized by a supplement
to the act respecting conveyances, passed in 1826, *Har. Com.*
158, now forming a part of the revised act of 1846, entitled,
"an act relative to commissioners for taking the acknow-
ledgment and proof of deeds." *Nix. Dig.* 139.* The third
section of the original, now the seventh of the revised act,
gives power to such commissioner to administer an oath or
affirmation to any person who shall be willing and desirous
to make such oath or affirmation before him, to hold to bail,
or in or concerning any cause depending or to be brought
in any of the courts of this state. A supplement to this act,
approved February 10th, 1862, *Pamp.* 17, enacts that com-
missioners for taking the acknowledgments and proofs of
deeds of this state, resident in other states, shall attest their
official acts, and each of them, by an official seal, and that
an impression of such seal, in wax or other appropriate
substance, shall be filed with their official oaths in the office
of the secretary of state.

As early as 1799, and of course prior to the act of 1826,
an act had been passed providing for the issuing by the
courts of special commissions, to take the depositions of
non-resident witnesses, which, with its supplements, was
comprised in the revised act entitled, "an act authorizing
commissions and the taking of depositions." *Nix. Dig.* 924.†
A supplement to this act, approved March 17th, 1862, en-
acts that the depositions may be taken before any chancellor,
judge of a supreme, circuit, or district court, commissioner
appointed by the governor of this state to take the acknow-
ledgment and proof of deeds and other writings under seal,
to be used or recorded in this state, but resident in the state
were such witness is. The second section provides that the
testimony thus taken shall be certified, sealed up, endorsed,
directed, and forwarded, as required by the act to which it is
a supplement, and the same shall be received, opened, en-

*Rev., p. 159.   † Rev., p. 382.

dorsed and filed, according to said act, which is in all respects, so far as can be, made applicable to the depositions and returns by this act contemplated. And the third section requires the officer taking such testimony, first, to take his oath or affirmation fairly and impartially to take the same.

This detail of the titles and dates of the statutes makes it plain that the act of February 10th, 1862, requiring commissioners to attest their official acts by an official seal, applies only to such acts as they were then authorized to perform, and not to those authorized by the subsequent act of March 17th, 1862. This last act relates entirely to a different subject, and allows depositions of non-resident witnesses to be taken upon notice, without the formality of a previous commission, before certain officers who are named, and prescribes in what manner their proceedings shall be certified. This is the same in the case of a commissioner as of a chancellor or judge, none of whom are required to use an official seal. Nor do the same reasons apply to the two cases. The official acts referred to in the first statute, are to be acted upon and received as authentic for many purposes out of court; while the proceedings under the last statute, are proceedings only to be used in court, and there to be satisfactorily identified.

The other objections relied upon are equally unfounded. Witnesses are not required to be cautioned, as was made necessary by the act of 1799 ; it is sufficient if they appear to have been duly sworn according to law, as is certified in this case. The commissioner was himself sworn before an alderman in Philadelphia, who certifies that he was authorized to administer oaths, which is all our act requires, and was held sufficient in the case of *Ludlam* v. *Broderick*, 2 *Green* 272. No stamp is required by the act of congress to an affidavit, and whether it is required to the commissioners' certificate, or whether, if so required, it is competent for congress to tax proceedings in the courts of New Jersey, it is not necessary to decide, no objection having been interposed

on this account before the judge.   The original depositions were properly produced, *Moran* v. *Green,* 1 *Zab.* 570, there being no essential difference in this particular between the existing act and the act of 1799.   It was not shown that the commissioner was the attorney or counsel to either of the parties, or interested in the cause, nor was objection on this account made at the trial.

I am therefore of opinion that the depositions offered by the plaintiff were erroneously overruled, and that for this reason there should be a new trial.

An error was also committed, I think, in allowing a witness to testify to an offer of a specific sum by way of compromise, in which no facts material to the issue were admitted, but which may have had a very improper influence on the verdict.

Another reason relied on for a new trial was, that the judge also erred in his charge to the jury, and this involves to a considerable extent the merits of the case, as disclosed by the evidence.

The action was in ejectment, commenced so long ago as in 1846, against William Lloyd, who having afterwards died, his heirs, the present defendants, were substituted by virtue of the act of 1850.   *Nix. Dig.* 4, § 12.*   It appeared that the father of the lessors of the plaintiff died in 1818, seized of the premises in dispute, which consist of a house and about four acres of land.   His heirs, the lessors, were residents in England, and did not come to this country until 1860.   They were however represented by agents, a power of attorney having been executed to one William Clark in 1819; he died in 1824, and in 1837 a power was executed to Jeremiah Sloan, and in 1846 another to Isaac Mickle.   There is evidence that William Lloyd rented the property and paid rent to Clark; but there is not only no evidence of any rent being paid after his death, but reason to believe none was paid. Not only was there no evidence of any rent being paid, but the circumstances of the case afforded a strong presumption, that Lloyd had disclaimed the tenancy before the action was brought, as the defendants did afterwards and on the trial.

* *Rev.,* p. 329, § 28.

The jury, I think, should have been instructed, that if they were satisfied no rent had been paid for twenty years before the action was brought, they had a right to presume that the relation of landlord and tenant had ceased at that time, and no notice to quit was necessary. The cases relied on by the defendants counsel decide nothing in opposition to this. It was held in *Den* v. *Depue*, 6 *Halst.* 409 ; *Den* v. *Drake*, 2 *Green* 523, that in cases of an original tenancy at will, or other uncertain tenancies, where no time is fixed for its termination, the landlord cannot dispossess the tenant without a previous notice to quit. But in those cases no question was made but that the tenancy, whatever was its nature, continued. There is no doubt but that if the tenant disclaims, he puts an end to his right to insist on a notice, because by his own act the tenancy has ceased. And it is properly held that if no rent has been in fact paid for a long period, a jury may presume that the relation of landlord and tenant had ceased. 1 *Wash. Real Prop.* 364, *and cases.* Instead of thus charging, as I think the law and circumstances of the case required, the jury were instructed that if they were satisfied Mr. Lloyd, the father of the defendants, originally entered as a tenant paying rent to the plaintiffs or their agents, with no interruption or change of that relationship down to the time of the commencement of the suit, then he was entitled to a notice to quit, and no such notice having been given the plaintiffs could not recover. For this and the other erroneous rulings at the trial, I think there should be a new trial, the costs to abide the event.

New trial ordered.